IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01322-GPG

JOSHUA WASHINGTON,
J.W., and
KIMBERLY KETIKU,

    Plaintiffs,

v.

MINT URBAN INFINITY – BRITTANIA HEIGHTS APARTMENTS,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff Kimberly Ketiku has filed *pro se* a Complaint (ECF No. 1) and an amended Complaint (ECF No. 4). Although Ms. Ketiku lists two other individuals as Plaintiffs in the caption of the Complaint and the amended Complaint, only Ms. Ketiku has signed the pleadings. It appears that the other individuals listed as Plaintiffs are Ms. Ketiku's sons and that one of her sons is a minor. (*See* ECF No. 5 at 3.) In general, a *pro se* litigant may not represent another *pro se* litigant in federal court. *See* 28 U.S.C. § 1654. Furthermore, because Ms. Ketiku is not represented by counsel, she lacks standing to act as a representative for her minor son. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). Therefore, the only proper plaintiff in this action at this time is Ms. Ketiku.

    The court must construe the amended Complaint liberally because Ms. Ketiku is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Ketiku will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

The amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Ketiku fails to provide a short and plain statement of the grounds for the court's jurisdiction because she does not list any statutory authority for her claims in the jurisdiction portion of the amended Complaint. (*See* ECF No. 4 at 3.)

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ms. Ketiku must identify the statutory authority that allows the court to consider the claims she is asserting in this action.

Ms. Ketiku also fails to provide a short and plain statement of her claims showing she is entitled to relief and she fails to specify the relief she seeks. Ms. Ketiku alleges that she became ill from prolonged exposure to mold in her former apartment. However, she fails to identify the specific claim or claims she is asserting premised on that factual allegation. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to comply with the pleading requirements of Rule 8 Ms. Ketiku must present her claims clearly and concisely in a format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims. Thus, Ms. Ketiku must identify the specific claims she is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, and what Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant

did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, it is

ORDERED that Ms. Ketiku file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that Ms. Ketiku shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Ms. Ketiku fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED June 23, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge