IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01322-GPG

KIMBERLY KETIKU,

     Plaintiff,

v.

MINT URBAN INFINITY – BRITTANIA HEIGHTS APARTMENTS – CARDINAL GROUP
    MANAGEMENT AND ADVISORY,

     Defendant.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Kimberly Ketiku, initiated this action by filing *pro se* a Complaint (ECF
No. 1) that did not include any claims for relief and an amended Complaint (ECF No. 4).
On June 23, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. Ketiku to file a
second amended complaint that clarifies the claims she is asserting.  Magistrate Judge
Gallagher determined the amended Complaint did not comply with the pleading
requirements of the Federal Rules of Civil Procedure because Ms. Ketiku failed to
provide a short and plain statement of the grounds for the Court's jurisdiction, she failed
to provide a short and plain statement of her claims showing she is entitled to relief, and
she failed to specify the relief she is seeking.  Magistrate Judge Gallagher warned Ms.
Ketiku that, if she failed to file a second amended complaint that complies with the
pleading requirements of the Federal Rules of Civil Procedure, the action would be
dismissed without further notice.  On July 21, 2015, Ms. Ketiku filed a Second Amended
Complaint (ECF No. 8).

The Court must construe the Second Amended Complaint liberally because Ms. Ketiku is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the Second Amended Complaint and finds that Ms. Ketiku still fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

2

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Ketiku's claims in the Second Amended Complaint relate to the living conditions in the apartment she rented from August 2010 to January 2014. Ms. Ketiku alleges she became gravely ill because of mold growth, poor air quality, raw sewage, and friable asbestos that resulted from a lack of maintenance and upkeep in the apartment unit and surrounding areas. She seeks damages as relief.

Ms. Ketiku fails to provide a short and plain statement of the grounds for the Court's jurisdiction. In other words, she does not identify any statutory authority that allows the Court to exercise subject matter jurisdiction over her claims in this action. As Magistrate Judge Gallagher explained,

> [f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ms. Ketiku's reference to the consent jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1) and District of Colorado Local Civil Rule 72.2 is not relevant to the question of subject matter jurisdiction.

Ms. Ketiku's failure to provide a short and plain statement of the grounds for the Court's subject matter jurisdiction also contributes to her failure to provide a short and plain statement of her claims showing she is entitled to relief. Ms. Ketiku's contention

that she became gravely ill because of the living conditions in her apartment does not provide Defendant with fair notice of the specific claims she is asserting.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In other words, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

Magistrate Judge Gallagher advised Ms. Ketiku that she must identify the specific claims she is asserting and the statutory authority that allows the Court to consider those claims, the specific facts that support each claim, and what Defendant did that allegedly violated her rights. Despite this advisement, Ms. Ketiku fails to provide a clear and concise statement of her claims in the Second Amended Complaint. Therefore, the action will be dismissed for failure to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 1), the amended Complaint (ECF No. 4), the Second Amended Complaint (ECF No. 8), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Ketiku failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __28th__ day of ____July_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court